ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033
(856) 795-2121
Attorneys  for Plaintiffs, North River Mews Associates, LLC
     And 38 COAH Associates, LLC

By:   PATRICK PAPALIA, ESQ.
      DEBRA S. ROSEN, ESQ.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH RIVER MEWS ASSOCIATES, LLC and 38 COAH ASSOCIATES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ALCOA CORPORATION, A.P. NEW JERSEY, INC., and JOHN DOES 1-25 (fictitious names), <br><br> Defendants. | CIVIL ACTION NO.: <br><br> *Electronically Filed* <br><br> **COMPLAINT** |

Plaintiffs, North River Mews Associates, LLC and 38 COAH Associates, LLC, ("Plaintiffs") by way of Complaint against the Defendants herein, ALCOA Corp., A.P. New Jersey, Inc. and John Does 1-25, allege and say as follows:

## THE PARTIES

1.      This action is brought by Plaintiffs, North River Mews Associates, LLC and 38 COAH Associates, LLC.

2.      The claims of the named Plaintiffs are for injunctive and declaratory relief and personal and real property damages arising from environmental contamination of real property.

3.      Plaintiffs are owners, operators, successors in interest, or former owners of real property located at Block  74, Lot 1.02B , commonly known as  660 River Road,   Borough of Edgewater, Bergen County, New Jersey (hereinafter "the Property").

4.      The Property, having been vacant since 1978, is now being developed as a commercial and recreational facility.

5.      Defendant, Alcoa Corporation (hereinafter "Alcoa"), a corporation, with a business address of  201 Isabella Street, Pittsburgh, PA, was the owner of the Property from 1917 to 1968 and owned and operated a manufacturing facility at the site.  Manufacturing was eventually discontinued and the Property was sold.  It is believed that, among others, Alcoa's manufacturing activities caused the contamination at the site.

6.     Defendant, A.P. New Jersey, Inc., (hereinafter A.P.) is a Delaware corporation with a business address of 1501 Alcoa Building, 425 Sixth Ave., Pittsburgh, PA was a successor to Alcoa and owner of the Property.

7.     Defendants, John Does 1 through 25, fictitious names that will be substituted when their true names are discovered, are owners or operators of the Property and/or equipment located thereon and responsible parties for the release or discharge of contamination at the Property and/or agents, servants, employees and/or principles of Defendants.

8.     Collectively, all of the Defendants, John Does included, unless otherwise specified, will be referred to as the Defendants.

## JURISDICTION AND VENUE

9.     This action arises under federal law, Sections 107(a) and 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §9601 et seq. ("CERCLA") and for violations of New Jersey statutory and common law.  In addition, the Declaratory Judgments Act, 28 U.S.C. §2201, and Section 113(g)(2) authorize this Court to grant Plaintiffs declaratory relief.

10.     This is a civil action over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

3

11.     This court also has supplemental  and ancillary jurisdiction over the pendant state claims as they are substantially related claims and arise out of the same common nucleus of operative facts as Plaintiffs' federal law claims.

12.     This court is one of proper venue because all parties either have a principal place of business or are authorized to do business in the State of New Jersey.  This court is also one of proper venue pursuant to Section 113(b) of CERCLA because the releases or threatened release alleged herein occurred in the District of New Jersey.

## **BACKGROUND**

13.     In October 2013, two underground storage tanks, whose existence was previously unknown to Plaintiffs, were discovered at the Property.

14.     Upon information and belief, the tanks contain oil that is contaminated with Polychlorinated Biphenyls ("PCBs") and other hazardous materials.

15.     Further excavation of the Property in the vicinity of the tanks revealed other regulated and hazardous materials that were not previously known to be present by Plaintiffs.

16.    When the Property was conveyed to Plaintiffs by Defendants, Alcoa and A.P., the presence of the underground storage tanks and related contamination was not disclosed by Defendants to Plaintiffs.

17.    Because manufacturing was done at the site by Defendants  for a period of many years, the Property was subjected to previous environmental investigations in which contamination was discovered.

18.    Plaintiffs reasonably believed that the Property was properly remediated through a remediation plan approved by the New Jersey Department of Environmental Protection (hereinafter "NJDEP").

19.    Plaintiffs were not aware, nor were was it made known to them by Defendants at the time of the purchase of the Property, of the existence of the contamination which is the subject of this complaint.

20.    PCBs were once used as an insulator in electrical equipment, among other industrial applications and are considered a "hazardous substance" under various environmental laws regulating their use and prohibiting their discharge or release.

21.    As PCBs are not a constituent of fuel oil, upon information and belief, the presence of PCBSs found mixed with oil in the underground storage tanks, which

provided fuel to boilers, may have been a surreptitious method of attempting to improperly burn off a hazardous substance.

22.     As part of the sale of the Property, Defendants agreed to be responsible for the costs to remediate and dispose of certain PCB contaminated materials.

23.     In or about October 2013, plaintiffs were in the process of developing the Property. Upon the discovery of the underground storage tanks and contamination, Plaintiffs were served with a "Stop Work Order" by the Borough of Edgewater.

24.     Plaintiffs retained the services of a Licensed Site Remediation Professional (hereinafter "LSRP") to develop a remediation plan which includes preparation of a Self Implemented Disposal Plan (hereinafter "SIDP") to provide for the cleanup, removal, and disposal of the PCB contaminated materials and associated hazardous substances.

25.     While the Borough of Edgewater has lifted its Stop Work Order, USEPA has not approved the SIDP or remedial plan and as a result the development of the site has ceased.

## FIRST COUNT
## COST RECOVERY UNDER CERCLA §107

26.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 25 as if same were set forth at length herein.

27.     Section 107(a)(4)(B) of CERCLA, 42 U.S.C. §9607(a)(4)(B), provides in pertinent part that any "covered person" "shall be liable for … necessary costs of response by any other person consistent with the national contingency plan."

28.     Section 107(a)(2) of CERCLA, 42 U.S.C. §9607(a)(2), provides, in pertinent part, that "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed" shall be liable as a "covered person".

29.     Section 107(a)(3) of CERCLA, 42 U.S.C. 9607(a)(3), provides, in pertinent part, that "any person who by contract, agreement, or otherwise arranged for disposal or treatment … of hazardous substances owned or possessed by such person" shall be liable as a "covered person".

30.     Defendants are each a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. §9601(21).

31.     Defendants are each an owner and/or operator of the Property within the meaning of Section 101(20) of CERCLA, 42 U.S.C. §9601(20).

32.     Defendants arranged, by contract, agreement, or otherwise, for disposal of hazardous substances.

33.     The Property is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. §9601(9).

34.     Releases or threatened releases of hazardous substances in or to the environment have occurred at the property within the meaning of Section 101(22) of CERCLA, 42 U.S.C. §9601(22).

35.     Defendants are liable under Sections 107(a)(2) and 107(a)(3) of CERCLA, 42 U.S. C. §9607(a)(2) and (3) for releases or threatened release of hazardous substances at the Property.

36.     Pursuant to Section 107(a) of CERCLA, Plaintiffs are entitled to recovery from Defendants all of their costs of response incurred in connection with the Property.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants as follows:

(a)     declaring that the Defendants are liable under CERCLA Section 107(a), 42 U.S.C. §9607(a), for all necessary response costs incurred and to be incurred by Plaintiffs in response to the release or threatened release of hazardous substances at and from the Property;

(b)      awarding Plaintiffs an amount determined by the Court to satisfy the obligation of each Defendant for response costs incurred by Plaintiffs in response to the release and/or the threatened release of hazardous substances at and from the Property; and

(c)      awarding Plaintiffs interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other, and further relief as the Court determines is just, equitable and appropriate.

## SECOND COUNT
## CERCLA §113 CLAIMS

37.      Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 36 as if same were set forth at length herein.

38.      Section 113(f) of  CERCLA, 42 U.S.C. §9613(f), provides that any person may seek contribution from any other person who is liable or potentially liable under Section 107(a) of CERCLA, 42 U.S.C. §9607(a).

39.      Each Defendant is liable or potentially liable under Section 107(a), 42 U.S.C. §9607(a).

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants as follows:

(a)      declaring that the Defendants are liable under CERCLA Section 113(f), 42 U.S.C. §9613(f), for Defendants' share of response costs incurred by the Plaintiffs in connection with the Property and that is binding in any future action brought by any party to recover future response costs in connection with the Property;

(b)      awarding Plaintiffs an amount determined by the Court to satisfy the obligation of each Defendant; and

(c)      awarding Plaintiffs interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other, and further relief as the Court determines is just, equitable and appropriate.

## THIRD COUNT
## DECLARATORY JUDGMENT

40.      Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 thought 39 as if same were set forth at length herein.

41.      Plaintiffs are entitled to a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. §9613(g)(2), 28 U.S.C. §§2201 and 2202 and N.J.S.A. §2A:16-50, because each of the Defendants named in this Complaint are liable to Plaintiffs under Section 113 of CERCLA, 42 U.S.C. §9613(f), for all response costs incurred by Plaintiffs at the Property.

42.      There is a controversy between the parties as to liability.

43.     Plaintiffs are entitled to contribution from each Defendant .

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants as follows:

(a)     declaring that each Defendant is liable for contribution under Sections 107(a) and 113(f)(1) of CERCLA for all necessary response costs incurred and to be incurred by Plaintiffs in response to the release and the threatened release of hazardous substances at and from the Property;

(b)     awarding Plaintiffs an amount determined by the Court to satisfy the obligation of each Defendant for response costs incurred and to be incurred by Plaintiffs in response to the release and/or threatened release of hazardous substances at and from the Property; and

(c)     awarding Plaintiffs interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other, and further relief as the Court determines is just, equitable and appropriate.

## FOURTH COUNT
## STRICT LIABILITY

44.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 43 as if same were set forth at length herein.

45.     Defendants' storage, use, release and/or disposal of materials containing PCBs at the Property is inherently and/or abnormally dangerous.

46.     Defendants are strictly liable for their abnormally dangerous activity because Defendants released, disposed of and discharged PCB containing materials at the Property.

47.     The presence of the PCB containing and other hazardous substances has rendered plaintiffs' Property, or Property interests, unusable and unmarketable.

48.     As a result of the aforesaid contamination, plaintiffs have been and continue to be damaged.

49.     As a direct and proximate result of the aforesaid conduct by the Defendants, plaintiffs have sustained property damage, economic loss, and other injuries.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants for compensatory and punitive damages, compelling Defendants to test and remediate the hazardous substances on the Property, damages for economic loss and other damages, attorneys' fees, interest and costs of suit.

## FIFTH COUNT
## NEGLIGENCE

50.   Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 though 49 as if same were set forth at length herein.

51.   Defendants were negligent and reckless in the use, inspection, maintenance, supervision and remediation of the underground storage tanks containing oil or other material containing PCBs and/or other hazardous substances.

52.   Defendants knew or should have known of this hazardous and dangerous condition on or before October 2013.

53.   Defendants were negligent and reckless acts included:  failing to properly test and inspect said underground storage tanks;   failing to properly and adequately warn of the dangers of underground storage tanks and hazardous material contained therein; failing to properly disclose, control, and  remove the  hazardous substances; failing to exercise reasonable care under all the circumstances to prevent the underground storage tanks from leaking and/or creating an unsafe condition to and on plaintiffs' Property; and in creating a hazardous and unsafe condition with respect to said underground storage tanks and an unreasonable risk of harm to plaintiffs through the presence of hazardous substances contained therein, when

Defendants knew, or should have known, that said underground storage tanks and hazardous substances could present a hazard to human life and property.

54.     As a direct result of the Defendants' negligent acts or omissions, plaintiffs' Property became contaminated and such careless, negligent, and reckless acts or omissions are the cause of damage to plaintiffs' Property and business interests.

55.     The actions and omissions of the Defendants are in reckless, willful, and/or wanton disregard of the rights of the plaintiffs and with indifference to human health and the environment.

56.     As a direct and proximate result of the aforesaid negligent, careless, and reckless conduct of Defendants, plaintiffs have sustained and will sustain in the future, property damage, economic loss, and other damages and injuries.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants for compensatory and punitive damages, compelling Defendants to test and remediate the hazardous substances on the Property, damages for economic loss and other damages, attorneys' fees, interest and costs of suit.

## SIXTH COUNT
## NUISANCE

57.    Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 though 56 as if same were set forth at length herein.

58.    The aforesaid discharges of PCB containing materials from underground storage tanks at the Property and Defendants improper use, storage, and/or disposal or release of PCB containing materials constitute a private and public nuisance to plaintiffs, to plaintiffs' Property, and to the general public.

59.    Said nuisance was created and/or allowed to continue to exist at, on and under the Property by the Defendants, and/or their predecessors in title.

60.    The nuisance caused and created by Defendants did cause plaintiffs to sustain property damage, economic loss and other damages and injuries.

61.    Plaintiffs have already been significantly damaged and if such nuisance is continued indefinitely, their Property will be greatly reduced in value and their economic loss and other damages increased.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants for compensatory and punitive damages, compelling Defendants to test and remediate the hazardous substances on the

Property, damages for economic loss and other damages, attorneys' fees, interest and costs of suit.

## SEVENTH COUNT
## SPILL ACT CONTRIBUTION

62.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 though 61 as if same were set forth at length herein.

63.     New Jersey's Spill Compensation and Control Act, ("Spill Act"), N.J.S.A. 58:10—23.11, et seq., provides for a right of contribution against all dischargers and persons in any way responsible for a discharge.

64.     Defendants are "persons" within the meaning of the Spill Act, N.J.S.A. §58:10-23.11b(o).

65.     "Discharges" within the meaning of the Spill Act, N.J.S.A. §58:10-23.11b(h) have occurred at the Property.

66.     "Hazardous Substances" within the meaning of the Spill Act, N.J.S.A. §58:10-23.11b(k), have been discharged at the Property.

67.     Defendants are dischargers or persons in any way responsible for a discharge under the Spill Act, N.J.S.A. §58:10-23.11f(a)(2).

68.     Plaintiffs have incurred costs to investigate and remediate the discharge(s) of hazardous substances and will continue to incur such costs.

69.     As a person who has cleaned up and removed a discharge of hazardous substances, and incurred costs in connection with that removal, Plaintiffs are entitled to contribution from Defendants pursuant to N.J.S.A. §58:10-23.11f(a)(2) and all investigation and remediation costs with Plaintiffs have or will incur, or for which Plaintiffs are deemed liable, should be allocated among Defendants using such equitable factors as the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants for allocation among Plaintiffs and Defendants for costs incurred or to be incurred by Plaintiffs to clean up and remove a discharge at the Property, compelling Defendants to test and remediate the hazardous substances on the Property or contribute to such costs, attorneys' fees, interest and costs of suit, and any such further relief as the court deems equitable and just.

## EIGTH COUNT
## ENVIRONMENTAL RIGHTS ACT

70.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 though 69 as if same were set forth at length herein.

71.     Pursuant to the provisions of the New Jersey Environmental Rights Act, N.J.S.A. 2A:35-1, et seq., Plaintiffs are entitled to enforce the provisions of the

Spill Act and other environmental statutes in New Jersey by compelling Defendant to comply with the statutes and remediate the existing contamination.

72.     Pursuant to N.J.S.A. 2A:35A-11, Notice of Intention of this action has been directed to the Attorney General of New Jersey, New Jersey Department of Environmental Protection, Borough of Edgewater, and Defendants.

73.     The Environmental Rights Act, N.J.S.A. 2A:35-1, et seq., entitles Plaintiffs to maintain an action in a court of competent jurisdiction against Defendants to enforce or restrain the violation of any statute, regulation or ordinance which is designed to prevent or minimize pollution, impairment or destruction of the environment, including but not limited to the Spill Act.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants for enforcement of the provisions of the Spill Act pursuant to the authority granted Plaintiffs in the New Jersey Environmental Rights Act, and recovery of all costs associate with the investigation and remediation of the Property, injunctive relief, compelling Defendants to test and remediate the hazardous substances on the Property, attorneys' fees, interest and costs of suit.

## NINTH COUNT
## NEGLIGENT OR FRAUDULENT CONCEALMENT

74.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 though 73 as if same were set forth at length herein.

75.     Defendants stored, released, spilled and/or discharged hazardous substances and/or substances containing PCBs at the Property during their ownership and operations at the Property.

76.     Defendants, when conveying said Property, negligently or fraudulently and deliberately concealed, or failed to disclose to plaintiffs  the material fact of the abnormally hazardous activity of storing PCBs and/or the discharge or release of PCBs on the Property, which was not readily observable to the plaintiffs, with plaintiffs relying upon Defendants to their detriment.

77.     Defendants intended for Plaintiffs to rely upon their misrepresentations.

78.     By virtue of these actions, Defendants have perpetrated a fraud on plaintiffs and/or fraudulently induced plaintiffs to purchase the Property.

79.     As a direct and proximate result of the aforesaid, plaintiffs have sustained property damage, economic loss and other injuries.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants for compensatory and punitive damages, compelling Defendants to test and remediate the hazardous substances on the Property, damages for economic loss and other damages, attorneys' fees, interest and costs of suit.

## TENTH COUNT
## CONSUMER FRAUD ACT

80.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 though 79 as if same were set forth at length herein.

81.     Defendants, in violation of the N.J. Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., when conveying said Property, deliberately concealed, or failed to disclose to plaintiffs the material fact of the abnormally hazardous activity of storing and/or disposing or releasing of PCBs, which was not readily observable to the plaintiffs, with plaintiffs relying upon Defendants to their detriment.

82.     As a direct and proximate result of the aforesaid, plaintiffs have sustained property damage, economic loss and other injuries.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants for compensatory and punitive damages, compelling Defendants to test and remediate the hazardous substances on

the Property, damages for economic loss and other damages, attorneys' fees, interest and costs of suit.

## ELEVENTH COUNT
## BREACH OF CONTRACT

83.    Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 though 82 as if same were set forth at length herein.

84.    Defendants, during the relevant time period, were contractually obligated to convey to plaintiffs real property free of hidden dangerous and defects and/or to pay costs to remediate and investigate PCB contamination.

85.    Defendants failed to carry out their obligations to plaintiffs and are therefore materially in breach of their contract and these breaches are continuous in nature.

86.    As a result of Defendants breach of contract, plaintiffs have suffered and will continue to suffer damages including compensatory damages, property damage, economic loss and other injuries.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants for compensatory and punitive damages, compelling Defendants to test and remediate the hazardous substances on

the Property, damages for economic loss and other damages, attorneys' fees, interest and costs of suit.

## TWELFTH COUNT
## UNJUST ENRICHMENT

87.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 though 86 as if same were set forth at length herein.

88.     Plaintiffs have incurred and will continue to incur costs associated with investigating, cleaning up, removing and remediating Defendants' contamination, including PCB contamination, at the Property.

89.     Plaintiffs are entitled to recover the costs it has expended to investigate, cleanup, remove and remediate Defendants' contamination.

90.     Defendants will be unjustly enriched if they are not required to pay for the investigation, cleanup and removal of their own contamination.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants for compensatory damages, compelling Defendants to test and remediate the hazardous substances on the Property and damages and reimbursement for economic loss and other damages, attorneys' fees, interest and costs of suit.

## THIRTEENTH COUNT
## BREACH OF IMPLIED COVENANT OF GOOD FAITH
## AND FAIR DEALING

91.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 though 90 as if same were set forth at length herein.

92.     The agreements related to the conveyance of the Property from Defendants to plaintiffs, as with all contracts, contain an implied covenant of good faith and fair dealing.

93.     The implied covenant of good faith and fair dealing applies in connection with Defendants' actions and performance in negotiating and performing under the agreements with plaintiffs.

94.     Defendants' failure to disclose the existence of the underground storage tanks and/or the existence of hazardous substances, including PCBs, at the Property breached the implied covenant of good faith and fair dealing in the agreements.

95.     Defendants' continued failure to investigate, clean-up and remediate its contamination and/or fully reimburse plaintiffs for the costs associated with the investigation and remediation of Defendants' contamination is a breach of the implied covenant of good faith and fair dealing in the agreements.

96.     Plaintiffs have suffered harm as a result of Defendants' breaches of the implied covenant of good faith and fair dealing in the agreements.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants for compensatory and punitive damages, compelling Defendants to test and remediate the hazardous substances on the Property and damages and reimbursement for economic loss and other damages, attorneys' fees, interest and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts set forth herein.

## CERTIFICATION PURSUANT TO Rule 11.2

I hereby certify that the matter in controversy for damages and injury to the Property is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.  There is pending a matter,  Borough of Edgewater v. Waterside, et al, , Civil Action No. 2:14-CV-05060, involving some of the same parties but relating to contamination and claims at a different property.

ARCHER & GREINER,
A Professional Corporation
Attorneys for Plaintiffs

BY:  /s/ Patrick Papalia
    PATRICK PAPALIA

Dated:  December 30, 2014

11752718v1

24